IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:12-CV-647-A |
| | § | (NO. 4:09-CR-172-A) |
| | § | |
| EMMANUEL NNAJI | § | |

### MEMORANDUM OPINION
### and
### ORDER

Came on to be considered the motion of movant, Emmanuel Nnaji, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The government filed a response, and movant filed a reply. Having now considered all of the parties' filings, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

### Background

On February 2, 2010, a jury found movant guilty of conspiracy to commit forced labor, forced labor, harboring an alien for financial gain, conspiracy to harbor an alien for financial gain, document servitude, and making false statements to a federal agent. The court sentenced movant to an aggregate term of imprisonment of 240 months, to be followed by a three-year term of supervised release. The United States Court of

Appeals for the Fifth Circuit dismissed movant's appeal on October 26, 2011, <u>United States v. Nnaji</u>, 447 F. App'x 558 (5th Cir. 2011), and the Supreme Court denied certiorari.

II.

<u>Grounds of the Motion</u>

Movant asserted four grounds for relief, all alleging that he was denied effective assistance of counsel by his attorneys, Christopher Curtis ("Curtis"), Greg Westfall ("Westfall"), and Marlo Cadeddu ("Cadeddu").[1] As to the first ground, movant alleges that the government offered a five-year plea bargain, but Curtis failed to relay the offer to movant before it lapsed. The second ground contends that the government offered a ten-year plea bargain, but Westfall rejected the offer prior to informing movant, forcing movant to proceed to trial.

The third ground is a complaint that Cadeddu, who represented movant at sentencing, failed to object when the court upwardly departed from the sentencing guidelines based on conduct that had already been considered in calculating his guideline range, causing the same conduct to be considered twice in calculating his sentence. As to the fourth ground, movant claims

---

[1] Movant was represented at his initial appearance on September 30, 2009, by Curtis from the Federal Public Defender's office. On November 29, 2009, movant retained Westfall. Cadeddu represented movant at sentencing.

that Westfall prevented movant from testifying, thus keeping the jury from hearing crucial exculpatory testimony from movant.

III.

## Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

## None of the Grounds Has Merit

A.  Applicable Legal Standards

To prevail on a claim of ineffective assistance of counsel, movant must establish that counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). To prevail on such a claim movant must show (1) that counsel's performance was deficient, and (2) movant was prejudiced by counsel's errors. Id. at 687. Prejudice means that movant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Id. at 694. Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Id. at 687, 697.

Judicial scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. The court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the

4

time." Id. Counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

B. Merits

1. First and Second Grounds of the Motion

Movant is entitled to no relief on his first and second grounds because he has failed to establish that he was prejudiced either by Curtis's failure to relay the terms of the government's first plea agreement, or by Westfall's rejection of a plea agreement prior to informing movant of its terms. To prove prejudice under such circumstances, movant must demonstrate that "there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." Missouri v. Frye, ___ U.S. ___, 132 S.Ct. 1399, 1410 (2012) (describing the prejudice showing when counsel failed to inform the defendant of a plea offer before it expired); Lafler v. Cooper, ___ U.S. ___, 132 S.Ct. 1376, 1385 (2012) (same showing of prejudice required where counsel advised

defendant to reject plea offer and he received a greater sentence after trial).

Movant claims the plea agreement about which Curtis failed to inform him was for five years, and that the one Westfall rejected was for ten years. The advisory imprisonment ranges for movant's counts of conviction were a sixty month maximum as to Counts 1, 5, and 7, a statutory maximum of 120 months as to Counts 3 and 4, and an advisory range of 151 to 188 months as to Count 2. In an order signed June 3, 2010, the court stated its tentative conclusion that "a sentence of imprisonment above the top of the advisory guideline range would be appropriate" for reasons given in the presentence report. June 3, 2010 Order.

At movant's sentencing hearing the court affirmed that tentative conclusion, stating that a sentence within the guideline range "would not be a large enough sentence to adequately address the defendant's behavior, criminal behavior." Sentencing Tr. at 29. The court then sentenced movant to an aggregate total sentence of 240 months, far above the alleged plea offers of five and ten years. Movant cannot establish prejudice as to his first two claims because, as the record shows, the court would not have accepted any plea bargain in this case of either five or ten years.

2. Third Ground

Movant claims that the court erred when it sentenced him above the guideline range based on the court's incorrect belief that the presentence report took into account only one of the two alleged sexual assaults in calculating the correct range. Movant contends that the presentence report included both sexual assaults in determining his guideline range, so the court wrongly increased his sentence based on the second sexual assault the court believed was not considered. Movant contends his counsel was ineffective for failing to object to the court's misapplication of the sentencing guidelines. This claim lacks merit.

The addendum to the presentence report clearly stated that only one sexual assault was used to calculate movant's guideline range. Additionally, during movant's sentencing hearing, the court stated that "only one of [the] assaults was used to determine the advisory guideline computations." Sentencing Tr. at 29. The court further noted that if both sexual assaults had been considered, the combined advisory guideline range would have been "significantly higher" than it was. Id. at 30. On that basis, the court found that an upward departure was necessary to address movant's offenses. Id. Because the sexual assualts were

not "double-counted," there was no error about which movant's counsel could have objected. Counsel does not render ineffective assistance by failing to raise a meritless objection. Emery v. Johnson, 139 F.3d 191, 198 (5th Cir. 1997).[2]

3. Fourth Ground

Movant's final claim, that Westfall rendered ineffective assistance by preventing him from testifying, is also without merit. A defendant who contends that his attorney prevented him from testifying at trial must satisfy the Strickland standard. United States v. Harris, 408 F.3d 186, 192 (5th Cir. 2005). Movant cannot make the showing here because he cannot show he was prejudiced by Westfall's actions.

Movant contends that, had Westfall not prevented him from taking the stand, he would have testified: the victim was home alone the majority of the time, she had access to the phone, was free to come and go as she pleased, and had keys to the house; an oral contract existed between movant, his wife, and the victim to pay the victim $20,000 per year upon movant's graduation from nursing school; and the victim received benefits, including legal

---

[2]Movant's appellate counsel addressed the issue of the upward departure in his motion to withdraw under Anders v. California, 386 U.S. 738 (1967). Appellate counsel acknowledged that only one sexual assault was used to calculate the guideline range, and that it was not error for the court to use the second assault to upwardly depart from that range. Movant filed a response to the Anders brief, but the Fifth Circuit concurred that the appeal presented "no nonfrivolous issue for appellate review." United States v. Nnaji, 447 F. App'x 558 at *3 (5th Cir. 2011).

permanent residency, in exchange for her accusations against movant. Movant also argues that the government's only witness was the victim, so that the jury heard only her testimony without any information from his perspective. Movant's contentions are contradicted by the record. The record shows that the government called six witnesses in addition to the victim, and movant and his wife also called witnesses. Most of the topics about which movant contends he would have testified were addressed by other witnesses, either on direct or cross-examination. The jurors were not persuaded by the testimony of other witnesses on these topics, and movant has offered nothing to suggest that they would have been swayed by his own self-serving testimony. Additionally, had movant testified, he likely would have received an increase in his sentencing guideline due to obstruction of justice.

To establish prejudice movant must show a reasonable probability that, without his counsel's errors, the jury would have had a reasonable doubt as to movant's guilt and that the errors were "so serious as to deprive the defendant of a fair trial, a trail whose result is reliable." United States v. Mullins, 315 F.3d 449, 456 (5th Cir. 2002) (quoting Strickland, 466 U.S. at 687, 694-95). "Considering that all or much of

[movant's] testimony was in the record elsewhere," movant has failed to show prejudice. Harris, 408 F.3d at 192.

V.

Order

Therefore,

The court ORDERS that the motion of Emmanuel Nnaji to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED February 7, 2013.

_____
JOHN McBRYDE
United States District Judge